**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:06CV-00053-TBR**

**LEON M. GRIDER, ET AL.**                                                                                          **PLAINTIFFS**

**VS.**

**JOE MICHAEL IRVIN, ET AL.**                                                                                  **DEFENDANTS**

### MEMORANDUM AND ORDER

Under consideration by the Court are motions at Docket Nos. 18, 20, 41, 42, 45, and 47 (all are motions by various Defendants herein to dismiss or for summary judgment); also docket nos. 81 (Defendant Tarter's motion to quash summons) and 83 (Plaintiff Faller's motion for default judgment against Defendant Tarter), and 85 (Plaintiff Faller's motion for sanctions and hearing, as related to Defendant Tarter's motion to quash), and 104 (redundant motion by Plaintiffs for hearing on Defendant Tarter's motion to quash and their motion for sanctions); also docket nos. 90 and 92 (various Defendants' motions to strike amended complaint); and docket nos. 86 (Plaintiffs' motion for order directing certain Defendants to effect service of process on Defendants Leah Wilson and Phillip Grider II) and 110 (Plaintiffs' motion for sanctions against certain Defendants as related to the issue of service upon Defendants Wilson and Grider II).

### BACKGROUND

This action was filed on April 13, 2006 by Leon Grider against nine individual Defendants. Essentially Grider complains these nine Defendants engaged in a grand conspiracy to

violate federal RICO laws to the detriment and harm of Grider. (See Complaint, DN 1).

Thereafter, on April 20, 2006, James S. Faller, II, moved to intervene as a Plaintiff herein, which motion was granted by the Court on May 3, 2006 (See Order at DN 17, and Intervenor Complaint at DN 19).  It is noted that Intervening Plaintiff Faller added a Defendant (Tarter) and did not include Defendants Wilson and Grider II.

Following service of process, various Defendants herein commenced filing motions to dismiss or, in the alternative, motions for summary judgment. (DN 18, 20, 41, 42, 45 and 47).

On June 5, 2006 Faller (at DN 53) and Grider (at DN 55) moved for leave of Court to amend their complaint, which motions were granted June 28, 2006 (See Order at DN 71 and Amended Complaint at DN 82).  This Amended Complaint also added two new Defendants, Rose Tarter and David F. Smith.  Plaintiffs Grider and Faller pleaded in the same document.

A plethora of other motions have also been filed in this action, some of which have already been ruled upon, others to be ruled upon herein.

### DN 18, 20, 41, 42, 45 and 47

These docket entries all represent motions by various Defendants herein for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56.  Subsequent to the filing of these motions, the court granted leave to the Plaintiffs to amend their complaint.  Thus, some Defendants have renewed their motions to dismiss or for summary judgment after the court allowed this amendment. (See Defendant Jeff Hoover's new motion to dismiss/summary judgment at DN 105; see Defendants Joe Michael, Jamie Rogers, and Joey Hoover's second motion to dismiss/summary judgment at DN 91; see Defendant Larry Rogers

new motion to dismiss/summary judgment at DN 89; see Defendant Carla Grider's motion to dismiss/summary judgment at DN 99).

The Court having allowed the Plaintiffs to amend their complaint, and with renewed motions to dismiss, etc, it is appropriate for the Court to deny the motions at DN 18, 20, 41, 42, 45 and 47, with leave to refile these motions unless refiling (as noted) has already been accomplished.

DN 90 and 92

These are motions by Defendants Joe Michael Irvin, Jamie Rogers, and Joey Hoover (DN 90) and Scott Hammond, Rose Tarter, and Samuel J. Tarter (DN 92) to strike Plaintiffs' amended complaint.

These motions are appropriately denied as the Court has already granted leave to amend the complaint, and for the further reason that the issues raised therein are better addressed in motions filed pursuant to Fed.R.Civ.P. 12(b)(6) or 56.

DN 81, 83, 85 and 104

DN 81 is Defendant Samuel J. Tarter's motion to quash the summons served upon him for failure of the process server to attach a copy of the original complaint, service purportedly effected May 23, 2006. Plaintiff Faller has responded, with attending affidavits, asserting that a copy of the original complaint was in fact attached (See Response at DN 84), and has filed his own motion for Default Judgment (DN 83) against Samuel J. Tarter. The motions at DN 85 and 104 are simply Plaintiff Faller's followup and related motions for sanctions and a hearing.

The Court has carefully considered all arguments contained in these various motions,

and further considers the fact that Plaintiffs have been allowed to amend the *original* complaints filed by each of them, and concludes it is appropriate to deny all motions and grant Defendant Samuel J. Tarter (10) days from entry of this order to answer or otherwise appropriately plead to the complaint, as amended, unless this has already occurred.

DN 86 and 110

DN 86 is Plaintiffs' motion for an order of this Court directing Defendants Scott Hammond, Joe Michael Irvin, and or Larry Rogers to provide proper service of process upon their *co-defendants*, Leah Wilson and Phillip Grider II, claiming Plaintiffs have attempted to effect service upon these persons to no avail.

Plaintiffs claim these unserved Defendants are in "protective custody" of these Defendants at the present, and that these Defendants are the proper persons to effect service upon these other Defendants.

Defendant Larry Rogers has responded (DN 88) that Wilson and Grider are not in his protective custody and that a Defendant may not be lawfully required to effect service upon a co-defendant.

Kentucky State Police detective, Scott Hammond, has filed a response (DN 103) containing a reasonable and sensible solution to the problem of effecting service upon Leah Wilson and Phillip Grider II. The suggestion was that "Faller should be responsible for providing the documents he wants served on Leah Wilson and Phillip Grider II to undersigned counsel (David A. Nunery), who will, in turn, convey said documents to the Commander of the Columbia State Police Post for assignment to be served."

Rather than recognize Scott Hammond's suggestion as a reasonable response, Plaintiffs filed DN 110, another motion simply renewing their motion for an order directing these Defendants to effect service of process on Wilson and Grider, and further that the Court "enter sanctions, including a restraining order against these same Defendants for committing fraud on the Court."

As stated, Defendant Hammond's suggestion is appropriate and acceptable to the Court as a practical means to an end. Plaintiff Faller ought avail himself of this suggested means of service.

Since the filing of the complaint herein on April 13, 2006, just over four months, the parties to this action have filed thirty-six (36) separate written motions, not to mention separate motions brought within a motion or within a response to a preceding motion. The Court strongly urges that all parties herein be judicious and economical in the filing of motions attendant to this action.

NOW THEREFORE IT IS HEREBY ORDERED that:

(1) Defendants' various motions to dismiss or for summary judgment (DN 18, 20, 41, 42, 45, and 47) are DENIED; however, Defendants may refile these motions addressing the claims of the Plaintiffs as set forth in their complaint, as amended, unless this has already been accomplished;

(2) Defendants' motions to strike the amended complaint (DN 90 and 92) are DENIED;

(3) All motions at DN 81, 83, 85 and 104 are DENIED, and Defendant, Samuel J. Tarter, is hereby granted ten (10) days from entry of this Order to answer or otherwise appropriately

plead to the complaint, as amended, unless that has already been accomplished; and

(4) Plaintiff's motions at DN 86 and 110, pertaining to service of process on Leah Wilson and Phillip Grider II are DENIED. Should Plaintiff Faller avail himself of the suggestion made by Defendant Scott Hammond, counsel David A. Nunery shall perform in accordance with his suggestion.

Copies:     Counsel of Record