UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06cv-53-R

LEON M. GRIDER, and
JAMES S. FALLER,
PLAINTIFFS

v.

JOE MICHAEL IRVIN, et. al.,
DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Plaintiff, James S. Faller's ("Faller") Motion for an Emergency Protective Order (Docket #147). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's motion is **DENIED**.

## BACKGROUND

This motion concerns a request by Faller to have the Court order the Russell Circuit Court to suspend and prohibit further criminal proceedings against the Plaintiff during the course of this civil action. Faller contends that the Defendants in this matter have taken unauthorized depositions, and have brought an indictments against the Plaintiff in Russell Circuit Court without merit. The Plaintiff further argues that these are false indictments, which purposes are to subvert the complaint of the Plaintiffs in this matter.

## STANDARD

"The *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 37-38,(1971); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (extending the doctrine to

encompass civil and administrative proceedings).  Three considerations have emerged for determining when abstention is appropriate: (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. Where a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain and order the federal complaint dismissed. If, however, a plaintiff can demonstrate extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir.1996). A district court's decision to abstain from adjudicating a claim pursuant to the Younger doctrine is a question of law that we review de novo. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir.2000)." *Tindall v. Wayne County Friend of Court*, 269 F.3d 533, 538 (6th Cir. 2001).

## DISCUSSION

In the instant matter, the Plaintiff has requested that the Court interfere with state criminal proceedings by ordering the suspension and prohibition of claims against the Plaintiffs during the duration of the instant civil trial.  In looking at three (3) *Younger* factors in determining whether this Court should abstain for interfering with the Russell Circuit Court criminal proceedings, the Court finds that it should not enjoin the state criminal proceedings in this matter.

First, the criminal proceedings and investigation of the Plaintiffs in this matter has been on-going before this civil matter was filed, and therefore, the first element for *Younger*

abstention is satisfied. *Cooper*, 203 F.3d at 954. Second, the state has an interest in prohibiting the conduct alleged to have been committed by the Plaintiffs, which includes the illegal distribution and/or trafficking of controlled substances in violation of several Kentucky statutes. *Id.* In regards to the third and final element to satisfy a *Younger* abstention, the Plaintiff has not alleged any specific constitutional violation committed by the Defendants in his emergency protective order. However, it should be noted that in Kentucky, the state courts provide an adequate opportunity to defendants to raise constitutional challenges regarding the prosecution of the case. *Gonnella v. Johnson*, 115 Fed. Appx. 770, 771-772 (6th Cir. 2004). Accordingly, the *Younger* abstention doctrine precludes this Court from adjudicating the motion of the Plaintiff.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiff's motion for an emergency protective order is **DENIED**.