UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06cv-53-R

LEON M. GRIDER, and
JAMES S. FALLER,
PLAINTIFFS

v.

JOE MICHAEL IRVIN, et. al.,
DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Plaintiff, James S. Faller's ("Faller") Emergency Motion to Reconsider (Docket #150) his Emergency Protective Order (Docket #147) denied by this Court on October 27, 2006 (Docket #149).  This matter is now ripe for adjudication.  For the following reasons, the Plaintiff's motion is **DENIED**.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted).   "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834.  A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

## DISCUSSION

In his motion to reconsider, the Plaintiff relies upon the United States Supreme Court

opinion of *Dombrowski v. Pfister*, arguing that the actions by the Defendants in this matter warrant the Court to interfere with the state court criminal proceedings against him. *Dombrowski v. Pfister*, 380 U.S. 479 (1965).  In *Dombrowski*, decided before the United States Supreme Court case of *Younger v. Harris*, the Court held that a federal court injunction of the state court proceedings was appropriate because federal courts had a right to enjoin the enforcement of *overly broad statutes* that might chill the exercise of First Amendment rights in particular the actions of civil rights groups. *Id.* at 486 (emphasis added).  Accordingly, *Dombrowski* only permitted federal court interference to enjoin state court prosecutions when statutes were unconstitutionally overly broad in violation of the First Amendment.

 As a result of the decision in *Dombrowski*, the Supreme Court made clear in *Younger* that *Dombrowski* was the exception to the general rule that federal courts do not interfere with state court proceedings. *Younger v. Harris*, 401 U.S. 37, 41-44 (1971).  In *Younger*, the Court, in distinguishing  *Dombrowski*, emphasized that *Dombrowski* involved a statute that had a "chilling" effect on the First Amendment, and therefore, warranted the enjoinment by the federal court for bad faith prosecution. *Id.* at 50.

In the instant matter, in contrast to *Dombrowski*, Faller does not assert that a statute is overly broad or that it has restricted his rights under the First Amendment.  Faller attempts to argue that the recent indictment against him is a "bad faith prosecution" and asks the Court to suspend certain future actions by the Defendants in this matter.  However, the initial criminal proceedings against him have been on-going and they were filed before this civil action.  The recent indictments are a continuation and a related to the initial criminal proceedings.  As such, the Court finds that it cannot and should not interfere with the state court proceedings because

they were filed before the civil matter. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir.2000). Further, in order to establish a bad faith prosecution, a party must demonstrate the absence of fair state court judicial proceedings. *Allee v. Medrano*, 416 U.S. 802, 838-845 (1974); *Juidice v. Vail*, 430 U.S. 327, 338 (1977). Here, Faller does not argue nor does he offer any proof that the state court officials who are overseeing his criminal proceeding have acted in bad faith.[1] Accordingly, *Younger* precludes this Court from enjoining the state court criminal proceedings in this matter.

**IT IS SO ORDERED:**

The Plaintiff's Emergency Motion to Reconsider is **DENIED**.

---

[1] The Court also notes that since *Dombrowski* and *Younger*, there have been no instances where the United States Supreme Court has recognized a bad faith prosecution unless the circumstances are similar to those in *Dombrowski*.