**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:06CV-00053-TBR**

**LEON M. GRIDER and**
**JAMES F. FALLER**                                                                                    **PLAINTIFFS**

**VS.**

**JOE MICHAEL IRVIN, ET AL.**                                                                    **DEFENDANTS**

MEMORANDUM OPINION

Before the Court are dispositive motions at Docket Nos. 89, 91, 99, 105, 117, 120, and 126 filed in response to Plaintiffs' joint amended complaint (DN 82). More specifically, motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative motions for summary judgment pursuant to Fed.R.Civ.P. 56 have been filed by Defendant Larry Rogers (DN 89); Defendants Joe Michael Irvin, Jamie Rogers, and Joey Hoover (DN 91); Defendant Carla Grider (DN 99); Defendant Jeff Hoover (DN 105, 117); and Defendants Scott Hammond, Rose Tarter, and Samuel J. Tarter (DN 120). A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) or in the alternative motion for summary judgment has been filed by Defendant David F. Smith (DN 126). Plaintiffs have filed responses (DN 108, 125, 160) and some Defendants have filed replies (DN 129, 135, 136).

These dispositive motions are ripe for determination. After a careful review of the memoranda, the Court concludes that one of the issues raised in the dispositive motions can be addressed in the context of a motion to dismiss pursuant to Rule 12(b)(6).

## BACKGROUND

This action was originally filed on April 13, 2006, by Plaintiff Leon M. Grider ("Grider") (DN 1). His complaint named the following nine Defendants: Joe Michael Irvin, Police Chief for the City of Russell Springs, Kentucky; Jamie Rogers, the Assistant Chief of Police for the City of Russell Springs, Kentucky; Larry Rogers, the Commonwealth's Attorney for Russell County, Kentucky; Jeff Hoover, a private attorney who lives in Russell County, Kentucky; Joey Hoover, Chief of Police for the City of Jamestown, Kentucky; Carla Grider, Commissioner of Police for the City of Russell Springs, Kentucky; Phillip Grider, II, who resides in Russell County, Kentucky, and Leah Wilson, who resides in Russell County, Kentucky (DN 1). In the complaint he alleged all nine of the Defendants engaged in a grand conspiracy that violated the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("the RICO Act") (DN 1). In his prayer for relief Grider sought damages and injunctive (DN 1).

On April 20, 2006, Plaintiff, James F. Faller, II, moved to intervene as a Plaintiff (DN 5). The district court granted the motion on May 3, 2006 (DN 17) and Faller's intervenor complaint was filed on the same day (DN 19). Faller's intervening complaint also named as Defendants Joe Michael Irvin, Jamie Rogers, Larry Rogers, Jeff Hoover, Joey Hoover, and Carla Grider (DN 19). Additionally, Faller named Samuel J. Tarter as a Defendant (DN 19). The intervening complaint alleged all seven Defendants engaged in a grand conspiracy that violated the RICO Act (DN 19). In his prayer for relief Faller also requested damages and injunctive relief (DN 19).

On June 5, 2006, Faller and Grider separately moved for leave of court to amend their complaints (DN 53, 55). The Court granted these motions on June 28, 2006 (DN 71). On July 17, 2006, Grider and Faller filed a joint amended complaint (DN 82).

The joint amended complaint names all of the above Defendants plus it adds Rose Tarter and David F. Smith as Defendants (DN 82). It essentially alleges all twelve Defendants have engaged in a grand conspiracy that violates the RICO Act (DN 82). The joint amended complaint seeks both damages and injunctive relief (DN 82).

### STANDARD

#### A

All of the Defendants have essentially moved to dismiss the joint amended complaint because it fails to sufficiently allege the existence of an enterprise, as required by 18 U.S.C. § 1962 (DN 89, 91, 99, 105, 117, 120, 126). Grider and Faller argue the allegations in the joint amended complaint satisfy the requirement in 18 U.S.C. § 1961 that "the complaining party may merely show an 'ongoing organization, formal or informal.'" (DN 108, 125). Because the Court finds that Grider and Faller have failed to sufficiently allege the existence of an enterprise, as required by 18 U.S.C. § 1962, the Court finds it unnecessary to address the Defendants' other grounds for dismissal.[1] The Court will, however, address the issue of abstention under Younger v. Harris, 401 U.S. 37 (1971).

The law is well settled, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court

---

[1] Some of the defendants have also argued Faller's claims against them are barred by res judicata or collateral estoppel because Faller previously made essentially the same factual allegations against Defendant Larry Rogers and the district court granted summary judgment for Rogers (DN 89, 91, 126). See Faller v. Rogers, Civil Case No. 1:05CV-167-JHM, affirmed Faller v. Rogers, 06-5465 (10/25/06), petition for en banc rehearing (11/08/06). Additionally, some of the Defendants have argued the claims should be dismissed because of absolute immunity (DN 89, 126) or qualified immunity (DN 91, 99, 120).

3

must construe the facts in the light most favorable to plaintiff and must assume all facts alleged by plaintiff are true. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998); Persian Galleries, Inc. V. Transcontinental Ins. Co., 38 F.3d 253, 258 (6th Cir. 1994) ("All factual allegations must be resolved in plaintiff's favor"). "When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." Bloch, 156 F.3d at 677. However, the Court does not have to accept "as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

A person alleging a violation of the RICO Act must demonstrate "1) there were two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to his business or property by reason of the above." Frank v. D'Ambrosi, 4 F.3d 1378, 1385 (6th Cir. 1993) (citing Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 274 n. 5 (9th Cir. 1988)). In this case, the Court finds that Grider and Faller have failed to present the second of these, an "enterprise," that is defined as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity [.]" 18 U.S.C. § 1961(4).

Grider and Faller have not alleged that the Defendants in this matter constitute a legal entity. Instead, they are alleging the Defendants combined to form an association-in-fact (DN 82). "To satisfy the enterprise requirement, an association-in-fact must be an ongoing organization, its members must function as a continuing unit, and it must be separate from the pattern of racketeering activity in which it engages." D'Ambrosi, 4 F. 3d at 1386. Id. (citing United States v. Turkette, 452 U.S. 576, 583 (1981)). Construing the conclusory statements in the joint amended complaint in a

4

light most favorable to Grider and Faller, they have failed to allege the existence of an enterprise, as that term is defined in the RICO Act. The allegations recited in the joint amended complaint depict not an association of individuals engaged in a pattern of racketeering activity, but rather several individuals involved, either directly or indirectly, in the State criminal proceedings against Mr. Grider and Mr. Faller. See Begala v. PNC Bank, Ohio, National Association, 214 F.3d 776, 781-782 (6th Cir. 2000) (dismissing, under Fed.R.Civ.P. 12(b)(6), the plaintiff's complaint which merely listed "a string of entities allegedly comprising the enterprise" and a "string of supposed racketeering activities" because the complaint did not "contain facts suggesting that the behavior of the listed entities [was] 'coordinated' in such a way that they [functioned] as a 'continuing unit'..."); White v. Clay, 2001 WL 1793746, *2 (W.D. Ky. 2001) (dismissing, under Fed.R.Civ.P. 12(b)(6), the complaint because the allegations "depict not an association of individuals engaged in a pattern of racketeering activity, but rather several individuals involved, either directly or indirectly, in the divorce proceeding of Mr. White and Ms. Daniels."). This conduct is insufficient to form the basis of a claim under the RICO Act. Accordingly, Plaintiffs have failed to state a RICO claim and it should be dismissed under Fed.R.Civ.P. 12(b)(6).

For these reasons, the RICO Act claims against all Defendants will be dismissed with prejudice. White, 201 WL 1793746, *3. In light of the Court's disposition of the federal claims in this action, it declines to address the State law claims asserted by Grider and Faller. United Mine Workers v. Gibbs, 383 U.S. 715 (1966); 28 U.S.C. § 1367(c)(3). Therefore, the remainder of the joint amended complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

B

Even had the joint amended complaint stated a federal claim, a stay of this action would have been appropriate until the underlying criminal cases in the State courts resolved.

Citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971), some of the Defendants have argued the Court should abstain from considering the claims in the joint amended complaint because the claims arise out of pending State criminal charges against Grider and Faller (DN 89, 105, 117, 126). Grider and Faller argue abstention is not appropriate because some of the Defendants are not acting in "good faith" in the State criminal proceedings and there is not an adequate opportunity in the State proceedings to raise a constitutional challenge or their RICO Act claims (DN 108, 125, 160).

Under the <u>Younger</u> doctrine of abstention, absent extraordinary circumstances, a federal court must decline to interfere with pending State civil or criminal judicial proceedings where important State interests are involved. <u>Younger v. Harris</u>, 401 U.S. 37, 37-38 (1971); <u>see also</u> <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 17 (1987); <u>Middlesex County Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982). There are three requirements that must be satisfied before application of the <u>Younger</u> abstention doctrine is appropriate: (1) there must be an ongoing State judicial proceeding; (2) those proceedings must implicate important State interests; and (3) there must be an adequate opportunity in the State proceedings to raise constitutional challenges. <u>Middlesex County Ethics Comm'n</u>, 457 U.S. at 432; <u>Mann v. Conlin</u>, 22 F.3d 100, 105 (6th Cir.), <u>cert. denied</u>, 115 S.Ct. 193 (1994). This Court is to presume that the State courts are able to protect the interests of Grider and Faller, and hence they have the burden of proving otherwise in order to avoid a decision to abstain under the <u>Younger</u>. <u>Pennzoil</u>, 481 U.S. at 6; <u>Klem v. Hyatt</u>, 44 F.3d 415, 420 (6th Cir. 1995).

Here, the first requirement is satisfied because there are ongoing State judicial criminal proceedings against Grider and Faller. The second requirement under the Younger doctrine is satisfied because the State criminal proceedings do implicate important State interests. Specifically, the State has an important interest in prohibiting the criminal conduct allegedly committed by Grider (he has been indicted in the Russell Circuit Court for illegal trafficking in controlled substances and bribing a witness in violation of Kentucky criminal statutes; he faces similar charges before the Adair Circuit Court) and Faller (he has been indicted in the Russell Circuit Court for numerous counts of theft by deception from cold payroll checks in violation of a Kentucky criminal statute). The third requirement is satisfied because the State criminal proceedings offer Grider and Faller an adequate opportunity to raise any constitutional challenges they may have to the pending State criminal charges. Notably, their RICO claims in the joint amended complaint are not constitutional challenges to these underlying State criminal charges. In sum, application of the Younger doctrine of abstention is appropriate herein.

Notably, in the joint amended complaint Grider and Faller indicate they are seeking both damages and injunctive relief (DN 82). The Sixth Circuit has held when a plaintiff is seeking damages and application of Younger abstention is proper, the district court should stay, not dismiss the complaint. Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075 (6th Cir. 1998). It has also held when application of Younger abstention is proper and the plaintiff is seeking money damages and equitable relief the appropriate procedure is to stay the proceedings rather than dismiss the case without prejudice. Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir. 1995). Thus, even if the joint amended complaint had stated a federal claim, the Court would still have to stay this action pending resolution of the underlying criminal cases in the State courts.

## CONCLUSION

For the foregoing reasons, the Court concludes that the RICO claims Grider and Faller have asserted against all Defendants will be dismissed with prejudice and the remainder of the joint amended complaint will be dismissed without prejudice for want of subject matter jurisdiction. The Court will issue a separate order granting Defendants' motions to dismiss.

Copies:    Counsel of Record
           Leon M. Grider, *pro se*
           James S. Faller, II, *pro se*
           Phillip Grider, II *pro se*
           Leah Wilson, *pro se*