UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06cv-53-R

LEON M. GRIDER, and
JAMES S. FALLER,                                                                                   PLAINTIFFS

v.

JOE MICHAEL IRVIN, et. al.,                                                                    DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Plaintiffs' Motion to Vacate under FRCP 60(b), or in the alternative reinstate the complaint (Docket #195). The Defendants' have responded to their motions (Dockets #196, #198, #199, #200, & #202, respectively). This matter is now ripe for adjudication. For the following reasons, the Plaintiffs' motions are **DENIED**.

## STANDARD

Under Federal Rule of Civil Procedure 60(b), a party must show either: mistake under subsection (1); newly discovered evidence under subsection (2); fraud under subsection (3); show that the judgment is void as required by subsection (4); show that the judgment should not have prospective application as required by subsection (5); or show any exceptional circumstances justifying relief under subsection (6), in order to receive relief from judgment. FRCP 60(b); *Walker v. Lifeskills, Inc.*, 56 Fed. Appx. 251 (6th Cir. 2003). However, "[t]he standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Moore v. Hayes*, 156 F.3d 1231 (6th Cir. 1998). One of the six (6) specified circumstances must exist in order for the Court to even consider granting such relief. *Id.*

## DISCUSSION

In their motions the Plaintiffs contend that newly discovered evidence, which includes:

the interview of former City of Russell Springs Police Department Office Manager, Melinda Wilson; the affidavit of their expert, Steve Cains; and a partial transcript of Larry Rogers' testimony from his civil case against Russell Springs Mayor Brian Walters, all warrant the Court either to vacate its previous dismissal of the case, reinstate the complaint, and/or reinstate the case in abeyance until the state matters are resolved.  The Plaintiffs argue that under FRCP 60 (b)(2) & (3), the newly discovered evidence proves that the Defendants were involved in a RICO scheme.

In response, the Defendants argue that "new" evidence submitted by the Plaintiffs does not constitute newly discovered evidence under FRCP 60(b) because the Plaintiffs have failed to show that the evidence could not have been discovered prior to the decision by the Court to dismiss the complaint.  In addition, the Defendants assert that even if the evidence qualifies as "newly discovered evidence" under FRCP 60(b), the Court should still not vacate and/or reinstate because the Court dismissed the Plaintiffs' complaint on a motion to dismiss for failure to properly plead RICO claims against the Defendants; therefore, the "new" evidence does not change the improper pleadings of the Plaintiffs.  Lastly, the Defendants claim that the Plaintiffs have not clearly or convincingly established that any alleged fraud, misrepresentation, or misconduct that necessitates vacation of the Court's previous order.

The Sixth Circuit Court of Appeals, in *Good v. Ohio Edison Co.*, stated that:

> [i]n order to prevail on a Rule 60(b)(2) motion, a "movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.' In other words, the evidence cannot be merely impeaching or cumulative. "

*Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)(quoting *New Hampshire Ins. Co. v.*

*Martech U.S.A., Inc.*, 993 F.2d 1195, 1200-01 (5th Cir.1993)).  To demonstrate due diligence, a plaintiff must provide an explanation as to why he/she could obtain and/or submit the information before the district court entered final judgment. *Rhoden v. Campbell*, 202 F.3d 269, *3 - *4 (6th Cir. Dec. 10, 1999).

In the instant matter, the Plaintiffs have not demonstrated that they exercised due diligence in obtaining the materials that they claim are "newly discovered."  The statements of all three (3) witnesses could have been submitted to the Court before the Court ruled on the Defendants' Motion to Dismiss (Docket #120).  Further, the Plaintiffs have not provided a sufficient explanation as to why this information could not have been submitted earlier, but have merely stated that Melinda Wilson was afraid to come forward because of the Defendants, while they have offered no explanation for why Steve Cain's or Larry Rogers' statements were not provided before the dismissal. *See Rhoden* at *3 - *4.  Ms. Wilson ceased working for the Defendants on September 22, 2006, and the Court did not issue its decision on the Defendants' Motion to Dismiss until December 19, 2006.  Assuming that Ms. Wilson did fear the Defendants while she was employed by them, the Plaintiffs still had approximately three (3) months to take the affidavit of Ms. Wilson and/or make the Court aware of her observations, yet did not do so.  As such, the Court finds that the Plaintiffs did not exercise due diligence in attempting to discover the "new" factual material prior to the Court's ruling on the Defendants' Motion to Dismiss.

Even assuming that the Plaintiffs exercised due diligence in obtaining this "new" information, these exhibits are not material or controlling because they would not have changed the fact that the Plaintiffs' failed to properly plead RICO claims against the Defendants in their

3

complaint. The Court dismissed the complaint of the Plaintiffs based on findings of law, not fact. Accordingly, the Court finds that "new" factual material provided by the Plaintiffs would not have produced a different result, and therefore, the Plaintiffs have failed to demonstrate that this material constitutes newly discovered evidence under FRCP 60(b)(2).

In addition, while the Plaintiffs have stated that they are entitled to a vacation of judgment and/or reinstatement of the complaint under FRCP 60(b)(3), the Plaintiffs have provided no argument nor evidence of any fraud, misrepresentation or misconduct upon the Court. To prove that fraud has been committed upon the Court under FRCP 60(b)(3), the moving party must show that "conduct (1) on the part of an officer of the court, (2) that is directed to the 'judicial machinery' itself, (3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth, (4) That is a positive averment or is concealment when one is under a duty to disclose, and (5) that deceives the court." *Workman v. Bell*, 245 F.3d 849, 852 (6th Cir.2001)(citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir.1993)). Here, the Plaintiffs have not set out nor attempted to prove any of these elements. Accordingly, the Plaintiffs have failed to demonstrate that they are entitled to a vacation of judgment and/or a reinstatement of the complaint due to fraud committed upon the Court under FRCP 60(b)(3).

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Plaintiffs' Motions to Vacate and/or Reinstate (Docket #195) are **DENIED**.

4