UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:06CV-00053-TBR

**LEON M. GRIDER and**
**JAMES S. FALLER, II**                                                                               **PLAINTIFFS**

VS.

**JOE MICHAEL IRVIN, ET AL.**                                                                      **DEFENDANTS**

MEMORANDUM OPINION

Before the Court is the motion of Defendants, Scott Hammond, Samuel Tarter and Rose Tarter (the "movants"), for sanctions pursuant to Rule 11 (DN 216). Notably, the Plaintiffs, Leon M. Grider ("Grider") and James S. Faller, II ("Faller"), have not responded to this motion for sanctions. For the following reasons, the motion for sanctions is GRANTED.

BACKGROUND

In an order entered on December 20, 2006, motions to dismiss pursuant to Rule 12(b)(6) were granted in favor of all Defendants and against Grider and Faller because as a matter of law their joint amended complaint failed to state RICO Act claims against Defendants (DN 170 at Pages 3-5; DN 171). The RICO Act claims against all Defendants were dismissed with prejudice (DN 171). Additionally, the remainder of the joint amended complaint was dismissed without prejudice for lack of subject matter jurisdiction (DN 171).

On December 22, 2006, Grider and Faller filed a motion to amend judgment pursuant to Fed.R.Civ.P. 59(e) (DN 173). However, the memoranda Grider and Faller submitted in support of their motion merely rehashed the arguments previously considered by the Court when it ruled on

Defendants' Rule 12(b)(6) motions to dismiss (DN 186). Further, Grider and Faller failed to sustain their burden, under Fed.R.Civ.P. 59(e), because they did not demonstrate a clear error of law, newly discovered evidence, and intervening change in controlling law, or that the requested relief is necessary to prevent manifest injustice (DN 186). Therefore, in an order entered February 7, 2007, the Court denied the Rule 59(e) motion to amend judgment (DN 186).

On February 26, 2007, Grider filed his notice of appeal (DN 187). On March 5, 2007, Faller filed his notice of appeal (DN 190).

Despite their pending appeals, on July 18, 2007, Grider and Faller filed in this Court a motion to vacate judgment pursuant to Fed.R.Civ.P. 60(b) (DN 195).[1] In an order entered on August 14, 2007, the Court denied their motion (DN 203).

Less than ten days later, on August 23, 2007, Grider and Faller filed yet another motion to amend judgment pursuant to Fed.R.Civ.P. 59(e) (DN 204, 205).

The following day, August 24, 2007, counsel for the movants sent to Grider and Faller, by certified mail, cover letters and copies of a proposed Rule 11 motion for sanctions (DN 216, Exhibit A). In pertinent part the cover letters read:

> "Enclosed please find a Rule 11 motion I have prepared in the above-styled action. Rule 11 requires that I serve the motion on you 21 days prior to filing it with the Court.
>
> The crux of the motion is that your recent motion under Rule 59(e) is without merit and is simply an element in a continuing scheme to harass the defendants in this action. It also explains that you have a history of engaging in this type of behavior. Finally, the motion requests monetary sanctions.

---

[1] Two days later, Grider and Faller filed in the Court of Appeals for the Sixth Circuit motions to stay the pending appeal until this Court rules on their Rule 60(b) motion to vacate (07-5244, 07-5289). The Sixth Circuit denied their motions on August 24, 2007 (07-5244, 07-5289).

> I will file the Rule 11 motion with the Court if you do not withdraw your motion within the next 21 days or if the Court does not rule on your motion before expiration of the 21 day period."

(DN 216, Exhibit A).

Grider and Faller did not withdraw their Rule 59(e) motion. Instead, on September 4, 2007, Faller filed a supplemental Rule 59(e) motion and flooded the Court with even more affidavits in support of his argument (DN 207). All Defendants responded to these motions and Faller filed a reply memorandum (DN 217).

In an order entered on September 26, 2007, the Court noted it had twice denied their motions to alter, amend, or vacate the judgment entered on December 20, 2006 (DN 219 at Page 2). In pertinent part the order reads:

> "In their most recent Motion to Amend and the Supplemental Motion, the Plaintiffs failed to state any new claims upon which this Court may consider their Motions. Instead, the Plaintiffs simply reiterate the claims rejected by this Court in its Order of August 14, 2007, and cite information or make claims irrelevant to the case at hand. Further, the Plaintiffs have filed an appeal of this Court's orders of December 20, 2006 and February 6, 2007. Therefore, jurisdiction over these claims lies with the United States Court of Appeals for the Sixth Circuit. This Court will not consider any further similar motions from the Plaintiffs in this matter."

(DN 219 at Page 2). The order denied both motions (DN 219 at Page 2).

Meanwhile, on September 17, 2007, the movants filed their motion for sanctions pursuant to Fed.R.Civ.P. 11 (DN 216). Notably, Grider and Faller have not responded to the motion for Rule 11 sanctions.

In the motion, the movants request that at a minimum the Court warn Grider and Faller of the consequences of frivolous filings in federal court (DN 216). Additionally, they request the Court impose monetary sanctions on Grider and Faller in an amount that will deter the filing of frivolous pleadings and lawsuits in the future (DN 216 at Page 9). Finally, the movants seek

reimbursement of the $350.00 in attorney fees they incurred for research and writing associated with responding to the most recent Rule 59(e) motion filed by Grider and Faller (DN 216 at Page 9).

In an order entered October 31, 2007, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment dismissing the joint amended complaint (DN 221, 222). The mandates of the Sixth Circuit having now issued (DN 221, 222), this Court will address the motion for sanctions (DN 216).

## DISCUSSION

The movants have complied with the requirement in Fed.R.Civ.P. 11(c)(1)(A) that their motion for Rule 11 sanctions be made separately from other motions. The cover letter and copy of the proposed Rule 11 motion that the movants sent to Grider and Faller provided adequate notice of the 21 day "safe harbor" provision in Fed.R.Civ.P. 11(c)(1)(A).[2] Further, the movants' decision to send the cover letter and copy of the proposed Rule 11 motion by certified mail is an

---

[2] In relevant part Rule 11 directs that the motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed.R.Civ.P. 11(c)(1)(A). The advisory committee explained the rationale underlying this provision within Rule 11 as follows:

> "The motion for sanctions is not, however, to be filed until at least 21 days ... after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.... [U]nder the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions."

Fed.R.Civ.P. 11 Advisory Committee's Note, 1993 Amendments.

4

appropriate step to ensure that Grider and Faller received notice of the 21 day "safe harbor" provision (DN 216, Exhibit A). Finally, the movants complied with Fed.R.Civ.P. 11(c)(1)(A) because they filed their Rule 11 motion for sanctions after the 21 day "safe harbor" period expired. In sum, the movants fully complied with the mandatory 21 day notice requirement in Fed.R.Civ.P. 11(c)(1)(A).

The movants have asked that Grider and Faller be sanctioned, pursuant to Rule 11, for filing a frivolous Rule 59(e) motion on August 23, 2007 (DN 204, 205) with the improper purpose of harassing them. To determine whether the conduct of Faller and Grider is sanctionable, the Court must consider the reasonableness of their conduct under the circumstances. Ridder v. City of Springfield, 109 F.3d 288, 293 (6th Cir. 1997); Century Products, Inc. v. Sutter, 837 F.2d 247, 250, 253 (6th Cir. 1988) (citations omitted); White v. Clay, 2001 WL 1793746, *3 (W.D. Ky.), aff'd, 23 Fed.Appx. 407(6th Cir. 2001). The question of whether their conduct was reasonable under the circumstances is a mixed question of law and fact. Ridder, 109 F.3d at 293; Century Products, Inc., 837 F.2d at 253. Further, although the Court is given wide discretion in deciding whether Grider and Faller acted reasonably under the circumstances, the Court is expected to abstain from using hindsight and should assess their conduct by asking what was reasonable to believe at the time they filed the Rule 59(e) motion. Century Products, Inc., at 251 (citations omitted).

The movants argue, in deciding whether Grider and Faller acted reasonably under the circumstances, the Court should be guided by the factors and analysis set forth in White. If the movants had asked that Grider and Faller be sanctioned under Rule 11 for filing a frivolous complaint with the improper purpose of harassing them then the Court would find the breadth of the factors and analysis in White applicable. 2001 WL 1793746, *1-6. Here, however, we are dealing with a much narrower set of circumstances because the Rule 11 motion asks the Court to sanction

5

Grider and Faller for filing a frivolous Rule 59(e) motion with the improper purpose of harassing the movants. In sum, the factors and analysis set forth in <u>White</u> are not applicable to the Rule 11 motion before this Court.

As previously mentioned, the motions to dismiss pursuant to Rule 12(b)(6) were granted in favor of all Defendants and against Grider and Faller because as a matter of law their joint amended complaint failed to state RICO Act claims against Defendants (DN 170 at Pages 3-5; DN 171). More specifically, after viewing the allegations set forth in the joint amended complaint in a light most favorable to Grider and Faller, the Court found the joint amended complaint failed to sufficiently allege the existence of an enterprise, as required by 18 U.S.C. § 1962 (DN 170 at Pages 3-5).

After they made an unsuccessful Rule 59(e) challenge to the Court's dispositive ruling (DN 173, 186) and they filed their notices of appeal (DN 187, 190), this should have been the end of their motions before this Court because jurisdiction over these claims had passed to the United States Court of Appeals for the Sixth Circuit. Instead, Grider and Faller unreasonably and vexatiously multiplied the proceedings before this Court by continuing to file frivolous motions challenging the Court's dispositive ruling.

First, on July 18th, Grider and Faller filed their motion to vacate under Rule 60(b) with accompanying exhibits containing what they claimed was newly discovered evidence (DN 195). They argued that under Rule 60(b)(2) and (3), the newly discovered evidence proves Defendants were involved in a RICO scheme (DN 195). In an order denying their motion, the Court discounted the materiality of this new evidence because it has no bearing on the question of whether as a matter of law their joint amended complaint failed to state RICO Act claims against Defendants (DN 203). This explanation should have brought to an end their challenges to the Court's

dispositive ruling.

Instead, less than ten days later Grider and Faller filed a second motion to amend judgment, pursuant to Rule 59(e), that simply reiterated the claims in their unsuccessful Rule 60(b) motion (DN 204, 205). Further, in support of this motion they submitted numerous affidavits and other materials that have no bearing on the issue of whether as a matter of law their joint amended complaint failed to state RICO claims against Defendants (DN 204, 205).

Certainly, the *pro se* status of Grider and Faller is an appropriate factor to consider in determining the reasonableness of their actions. However, the repetitious conduct of Grider and Faller, even as *pro se* litigants, is in no way objectively reasonable under the circumstances. See Fed.R.Civ.P. 11(c); Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard"); Spurlock v. Demby, 48 F.3d 1219 (table), No. 92-3842, 1995 WL 89003, at *2 (6th Cir. 1995) (per curiam) (unpublished opinion) (while a court should take into account that a litigant is acting *pro se*, the *pro se* "litigant still must meet the general requirements of Rule 11"). Clearly, it could serve no other purpose but to harass Defendants and burden the Court with having to rule on yet another frivolous motion. Farguson v. Mbank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986) (*pro se* filings do not serve as an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets"). In sum, the decision of Grider and Faller to file a second motion to amend judgment, under Rule 59(e), was not objectively reasonable conduct under the circumstances.

The movants assert that they have incurred $350.00 in attorney fees for legal research and writing associated with their response to the second Rule 59(e) motion. After considering the twenty page memorandum, numerous affidavits and other exhibits that Grider and Faller submitted

in support of the Rule 59(e) motion (DN 204) as well as the movants' memorandum in response (DN 211), the Court concludes $350.00 in attorney fees is reasonable.[3]

### ORDER

IT IS HEREBY ORDERED that the motion of movants, Scott Hammond, Samuel Tarter and Rose Tarter, for Rule 11 sanctions is GRANTED.

IT IS FURTHER ORDERED that **no later than January 11, 2008**, Plaintiffs, Leon M. Grider and James S. Faller II, shall pay the movants Scott Hammond, Samuel Tarter and Rose Tarter, jointly the sum of $350.00 as reimbursement for their reasonable attorney fees incurred in responding to a frivolous Rule 59(e) motion filed by Plaintiffs on August 23, 2007. Similar future conduct by Plaintiffs may result in a substantial increase in the severity of any sanction imposed.

ENTERED this

Copies:   Counsel of Record
          *Pro Se* Parties

---

[3] At the rate of $100.00 per hour counsel would have devoted 3.5 hours to reviewing the memorandum in support of the Rule 59(e) motion, reviewing the numerous exhibits accompanying the motion, conducting legal research and writing the memorandum in response.